# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCO SICILIANO, et al** | : | **CIVIL ACTION** |
| **v.** | : | |
| **CITY OF PHILADELPHIA, et al** | : | **NO. 09-5270** |

## MEMORANDUM OPINION

**SAVAGE, J.**                                                                                               August 2, 2010

In this §1983 action, plaintiffs Franco and Joseph Siciliano seek to amend their complaint, pursuant to Fed. R. Civ. P. 15(c), to add as defendants six Philadelphia policemen who allegedly participated in physically assaulting them or failed to intervene to stop the assault. The incident occurred in the early morning of October 28, 2007, in the parking lot of a bar the plaintiffs had just left. The officers were there as part of a special unit working in plain clothes and were not assigned to the police district covering the area.

This is the second action the plaintiffs filed. The first one, filed on August 5, 2008, was voluntarily dismissed on February 10, 2009. The second was started in state court on October 26, 2009, and removed to this court on November 11, 2009. The original defendants were the City of Philadelphia and Officer Edward Lewis.

During the pendency of the first action, the parties engaged in discovery. Among those deposed was Sergeant Susan Green, a member of the Police Department's Internal Affairs Division ("IAD"). She conducted the investigation of a complaint of misconduct filed by the Sicilianos, through their attorney. During her deposition, Green did not reveal that there had been police officers other than those from the Sixth District present at the scene of the incident. The Sicilianos did not identify any Sixth District police officers as their assailants. They were later shown a photographic array of officers, all in uniform, who

were working in the special plain clothes unit at the scene that night. These photos were among approximately 50 photographs.

Reluctant to accuse any police officer of wrongdoing, the Sicilianos did not jump to any conclusion as to the identities of their assailants from the black and white photographs they were shown.[1] However, at the depositions of the six officers, they were able to make positive identifications after seeing them face-to-face. They then filed this motion to amend the complaint to add them as defendants.

Although the administrative complaint that instigated the IAD investigation was filed with the Police Department on March 20, 2008, the investigative report was not completed and forwarded to the Police Commissioner until July 15, 2009. The six officers the plaintiffs seek to add as defendants were all interviewed by Green as part of the investigation. All were aware of the plaintiffs' complaint and allegations before the investigation concluded. The first to be interviewed was Heim on January 14, 2009, and the last, Keenan, on August 31, 2009, or before July 15, 2009.[2] Thus, all of these officers whom the Sicilianos seek to add as defendants had notice of the allegations within two years of the incident, that is, prior to the expiration of the statute of limitations.

The Sicilianos argue that they should be permitted to amend their complaint pursuant to Federal Rule of Civil Procedure 15(c).

Before an amended complaint can relate back for the purpose of overcoming the

---

[1] The photo array warned that the photographs were "not for identification purposes."

[2] The report was dated July 15, 2009. But, it includes a summary of an interview of Police Officer Glen Keenan supposedly done on August 31, 2009. There is no explanation for this discrepancy. Because the part summarizing Keenan's interview appears before the investigators' signatures and is paginated in the proper sequence, the interview probably occurred before July 15, 2009 and the August date is an error. In any event, Keenan was aware of the complaint before the statute of limitations ran.

2

statute of limitations under Rule 15(c)(1)(C), four conditions must be met. First, the proposed change must relate to the same conduct, transaction or occurrence set out in the original pleadings. Second, the party to be added must have had enough notice of the action to prevent prejudice in defending it. Third, the proposed defendant knew or should have known, "but for a mistake concerning the proper party's identity," that the action would have been brought against him. Finally, the required notice must have been given within 120 days of the filing of the original complaint.[3] FED. R. CIV. P. 15(c)(1)(C).

There is no question that the proposed amendment satisfies the first requirement of Rule 15(c)(1)(C) because it relates to the same conduct and occurrence. Nor can one seriously argue that the six officers did not have enough notice to prevent prejudice. They were aware of the incident, were advised of the Sicilianos' allegations and were confronted with them during the IAD investigation. Their employer, through its attorney, has vigorously defended both this and the original actions. Thus, we must determine whether the remaining two conditions have been satisfied.

Notice of the action under the Rule need not be formal, such as actual service of process. Constructive notice is sufficient. However, it must be notice that the plaintiff has started an action, not that one may be filed. *Schiavone v. Fortune*, 750 F.2d 15, 18 (3d Cir. 1984), *aff'd,* 477 U.S. 21 (1986). Notice of the events or conduct complained of is not sufficient. *Id*. Thus, to satisfy the notice requirement, the plaintiff must show that the intended defendant knew or should have known, within the limitations period, that he could

---

[3] The Third Circuit has treated the time limitation of the fourth prerequisite as part of the second and third. *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193-94 (3d Cir. 2001). The Supreme Court considered the time requirement as a separate condition. *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986). In any event, the requirements are the same.

3

have been named as a defendant in the pending action. *Id*.

In evaluating the notice requirements, the focus is on what the defendants to be added knew or should have known, not what the plaintiffs knew or when they took action to move to amend. *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2489 (2010). The knowledge of the amending party is not a factor in a Rule 15(c)(1)(C) analysis. *Id.* Thus, we look to what the intended defendants knew or had reason to know.

The notice requirement has been satisfied. The six officers whom the Sicilianos seek to add as defendants were all interviewed by Green.[4] At that time, they became aware that the Sicilianos had filed a complaint against the police for misconduct and were informed of the specific allegations, if not directly, certainly by the nature of the questions asked during the interview. Each knew or should have known then that they could have been named as defendants.

There are two methods of determining whether an intended defendant received constructive notice of the institution of the action within 120 days: the "shared attorney" method and the "identity of interest" method. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195-96 (3d Cir. 2001). Notice by either method is sufficient to satisfy Rule 15(c)(1)(C).

Where an original defendant and the intended defendant are represented by the same attorney, it is presumed that the attorney likely communicated to the intended defendant that he may be joined in the lawsuit. *Id.* at 196. The applicable test under this

---

[4] The individual interviews took place as follows: Heim on January 14, 2009; Moll and Latchum, on February 16, 2009; Teaford on February 17, 2009; Mulding on February 24, 2009; and Keenan, sometime before July 15, 2009.

approach is "'not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney'" within the relevant 120 day period. *Garvin v. City of Philadelphia*, 354 F.3d 215, 223 (3d Cir. 2003) (quoting *Garvin v. City of Philadelphia*, No. 02-2214, 2002 WL 31739948, at *4 (E.D. Pa. Dec. 6, 2002)). It is not sufficient to allege that counsel "must have" interviewed the intended party. *Brown v. City of Philadelphia*, No. 09-5157, 2010 WL 1956245, at *5 (E.D. Pa. May 7, 2010). There must be actual representation. *Id.* Where there is evidence of shared representation, the key question is whether knowledge of the action can be imputed to the intended defendant within 120 days of the filing of the complaint. In other words, can one reasonably infer that the attorney for an original defendant had some communication or relationship with the potential defendant so that notice of the action was given to him within the 120 day period? If so, the Rule 15 notice requirement is satisfied. *Singletary*, 266 F.3d at 196-97.

Here, notice will not be imputed under the "shared attorney" method. It does not matter that "the City's attorney" now represents the officers or will represent them in the event they are added as defendants. The relevant question is whether the City's attorney *actually* represented them during the 120 day period after the filing. There is no evidence that the City's attorney represented the six officers during the relevant period. However, one could conclude that the attorney was representing their interest when he failed to produce the IAD report until after the 120 day period had passed.[5] Because the attorney

---

[5] A pretrial conference was held on December 9, 2009, pursuant to an Order that required the parties to exchange their Rule 26 disclosures prior to the conference. The IAD report issued on July 15, 2009 was not produced until March 9, 2010.

5

had no contact with them until May, 2010, we are not imputing knowledge to them until that time. Thus, constructive notice will not be based upon the shared attorney method.

Under the "identity of interest" method, the named defendant and the proposed defendant are so closely related in their business relationship and activities that notice to one is imputed to the other. *Id.* at 197. The test is whether the employee to be joined is, by virtue of his position, so closely related to his employer for purposes of the type of litigation that the two have a sufficient identity of interest. *See id.* at 198. This method considers whether the parties are so closely entwined that it is presumed that the one actually sued or some other related person would notify the unnamed party of the action.

*Singletary* draws a line between those on the management or supervisory level and those among the rank and file. *Id.* at 199. In that case, the court stated that, "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee" for Rule 15(c)(1)(C) purposes. *Id*. At 200. The "identity of interest" method imputes knowledge of those on the administrative level to each other because they are in a position where they would naturally participate in a discussion of the pending lawsuit. Non-management employees, on the other hand, do not generally share a common interest with their employer sufficient to satisfy the notice requirement unless other circumstances permit an inference of notice. *Id.*

Circumstances giving rise to an inference of notice include those where the staff-level employee has continued close contact with the plaintiff. *See Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 12-13 (1st Cir. 1990) (permitting prisoner plaintiff to add prison

guard as a defendant because the originally named defendants were the guard's superiors, the guard was present at the complained of attack, and the guard continued to work in the unit where the plaintiff remained as an inmate); and, where the original defendant's attorney likely would have interviewed the defendants to be named soon after the lawsuit was filed, thus giving the proposed defendants sufficient notice of the action. *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (allowing plaintiff to amend his complaint to replace original officer with previously unnamed officers because the court found a sufficient identity of interest between the newly named officers, the originally named officer, and the City of New Orleans since the City's attorney represented both original City defendants).

Identity of interest creates a presumption that the proposed defendants learned of the action from others closely associated with them by virtue of the employment relationship. *Ayala Serrano*, 909 F.2d at 12. The relationship must be one that reasonably leads to the inference that notice to one is notice to the other. Thus, whether the parties' relationship is sufficient to infer notice depends on the circumstances of the case.

In this case, the relationship between Green, who knew about the action, and the six officers to be added is more than sufficient to satisfy the identity of interest constructive notice requirement. Even if the City's attorney did not contact the six officers until May 2010, they had been questioned in detail about the incident by the IAD. Indeed, the six officers were interviewed about the incident by Green, a fellow employee, who knew there was a pending action because she had already been deposed before she conducted the interviews. It is improbable that she did not inform them of the action before, during or immediately after interviewing them. Thus, it is reasonable to infer that the six officers

were aware or had reason to know that the Sicilianos had filed a lawsuit arising from the incident at the time of the interviews if not sooner.

## Conclusion

The 120 day period ended on February 23, 2010. Four of the officers to be added had been interviewed before then. One was interviewed on the day after the period ran. The date the sixth was interviewed is uncertain. In any event, given the close employment relationship among the six, it is reasonable to infer that the last two interviewed learned earlier of the pending action from their cohorts who had been informed by Green.

Because the City has been defending the action since the first and second complaints were served upon it and has conducted its discovery, including deposing the Sicilianos, the officers will not have lost a step in their defense strategy. *Id.* Furthermore, the officers have already been deposed and additional discovery appears unnecessary. Consequently, there will be no prejudice to the six officers in the preparation of their defense if they are added as defendants. Nevertheless, if the newly added defendants request additional time to conduct discovery, they may have it.

The plaintiffs' motion to amend the complaint to add six new defendants satisfies the requirements of Rule 15(c)(1)(C). Accordingly, it will be granted.